MELINDA HAAG CABN 132612
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
VICTORIA R. CARRADERO (SBN 217885)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102-3495
    Telephone: 415 436-
    Fax: 415 436-6748
    Email: victoria.carradero@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARL BRYANT<br><br>                Plaintiff,<br><br>v.<br><br>JOHN E. POTTER<br>                Defendant. | Docket No. C 10-4112 - SBA<br><br>**STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND ORDER** |

      IT IS HEREBY STIPULATED by and between the parties, after full and open discussion, that this action be settled and compromised on the following terms:

      WHEREAS, Plaintiff filed the above-captioned action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16, as amended and the Rehabilitation Act of 1973;

      WHEREAS, Plaintiff has filed several administrative EEO complaints with the Agency and the following appeals regarding his pay that is the subject of this action: including, but not limited to, 4F940014707, 0120100975, 1020082393, 4F940002011;

      WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues related to plaintiff's wages from January 1, 2007 through September 12, 2007;

      NOW, THEREFORE, in consideration of the mutual promises contained in this

Agreement, the Parties agree as follows:

1. **Settlement Amount**.  In full and final settlement of all claims in connection with the above-captioned action, Defendant shall change the following hours of AWOL to sick leave and shall pay Plaintiff a total sum of Two-Thousand Eight Hundred and Sixty One Dollars and Eight Cents ($2,861.08) dollars ("Settlement Amount") representing sick leave hours for those pay periods at an hourly pay rate of $23.9942:

July 12, 2007 (pay period 15, week 1): 7.24 hours

July 14-July 20, 2007 (pay period 15, week 2): 32 hours

July 21-July 27, 2007 (pay period 16, week 1): 32 hours

August 11-August 17, 2007 (pay period 17, week 2): 40 hours

August 18, 2007 (pay period 18, week 1): 8 hours

Plaintiff understands that this payment will be subject to normal payroll taxes and withholdings.   The Plaintiff will also receive the regular earnings statement showing taxes and withholdings from this Settlement Amount with the Settlement Check.  The check will be made payable to Plaintiff Carl Bryant, and will be mailed to Plaintiff in care of his counsel, Emily Wecht.  Plaintiff and his attorney have been informed that payment of the Settlement Amount may take up to ninety (90) days from the Effective Date (as defined in paragraph 15) of this Agreement to process.  The payment will be made within ninety (90) days of the Effective Date of this Agreement.

2. **Release**.  In consideration of the payment of the Settlement Amount and the other terms set forth in this Stipulation and Agreement, Plaintiff hereby releases and forever discharges Defendant, the United States Postal Service, and any and all of their past and present officials, agents, employees, attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, including claims arising under the Age Discrimination in Employment Act, 29 U.S.C. § 633a, whether suspected or unsuspected,

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
No. C 10-4112

at law or in equity, known or unknown, or omitted prior to the date he executes this Agreement, which arise from his wages from January 1, 2007 through September 12, 2007.

3. **Attorneys' Fees**. The parties acknowledge that plaintiff has been represented for settlement purposes only by pro bono counsel and agree that the Settlement Amount is in full satisfaction of all claims for attorneys' fees and costs arising from work performed by Plaintiff's counsel at all stages of this litigation, including, but not limited to, the processing of Plaintiff's administrative and district court complaints in connection with the above-captioned action.

4. **Dismissal**. In consideration of the payment of the Settlement Amount and the other terms of this Stipulation and Agreement, Plaintiff agrees that he will within seven days of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted in this Action or any claims that could have been asserted in this Action with respect to plaintiff's pay between January 1, 2007 to September 12, 2007. The fully executed Stipulation of Dismissal will be held by counsel for Defendant and will be filed with the Court upon mailing of the Settlement Amount to Plaintiff's counsel.

5. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff has been apprised of the statutory language of Civil Code Section 1542 by his attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's claims and the liability of the government for damages pertaining thereto are found

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
No. C 10-4112

hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

6. **Agreement as a Complete Defense**. This Agreement may be pleaded as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

7. **No Admission of Liability**. This is a compromise settlement of a disputed claim and demand, which settlement does not constitute an admission of liability or fault on the part of the Defendant, the United States Postal Service, or any of their past and present officials, agents, employees, attorneys, or insurers on account of the events described in Plaintiff's complaints in these actions.

8. **Tax Liability**. Plaintiff understands that normal taxes and withholdings shall be made from the Settlement Amount.

9. **Enforcement Sole Remedy**. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue his original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in the United States District Court for the Northern District of California.

10. **Construction**. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

11. **Severability**. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT 4
No. C 10-4112


1 in any way be affected or impaired thereby.

2     12. **Integration**.  This instrument shall constitute the entire Agreement between the

3 parties, and it is expressly understood and agreed that the Agreement has been freely and

4 voluntarily entered into by the parties hereto with the advice of counsel, who have

5 explained the legal effect of this Agreement.  The parties further acknowledge that no

6 warranties or representations have been made on any subject other than as set forth in this

7 Agreement.  This Agreement may not be altered, modified or otherwise changed in any

8 respect except by writing, duly executed by all of the parties or their authorized

9 representatives.

10     13. **Authority**.  The signatories to this Agreement have actual authority to bind the

11 parties.

12     14. **Knowing and Voluntary Waiver of Remedies Under Age Discrimination in

13 Employment Act.**  Plaintiff acknowledges that he has up to twenty-one (21) calendar days

14 from the date he receives this Agreement to review and consider this Agreement, discuss it

15 with an attorney of his choice, and decide to sign it or not sign it, although he may accept

16 or return it to Defendant's counsel at any time within those twenty-one (21) days.  Plaintiff

17 is advised to consult his attorney about the Agreement.

18     15.  Once Plaintiff signs and dates this Agreement, he will have seven (7) days in

19 which to revoke his acceptance.  To revoke, Plaintiff must send a written statement of

20 revocation, which should be mailed <u>and</u> faxed to:

        Susan Johnson
21         Manager, EEO Compliance and Appeals
        Pacific Area-Region 1
22         P.O. Box 880546
        Oakland, CA 94188-0546
23

        FAX: 650.577.6155
24 With a copy to Defendant's counsel, AUSA  Victoria R. Carradero at 415-436-6748.

25

26

27

28 STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
   No. C 10-4112

1      Plaintiff understands that if he revokes, this Agreement shall have no effect. If
2 Plaintiff does not revoke, this Agreement will become effective on the eighth (8th) day
3 ("the Effective Date") after the date Plaintiff signs and dates this Agreement.
4      16.   **Pending EEO Claim**. Plaintiff currently has EEO Claim No. 4F-940-0020-
5 11 pending, which Defendant believes appears to contain overlapping allegations relating
6 to the payment of his wages from January 1, 2007 through September 12, 2007. Plaintiff
7 expressly acknowledges that this Settlement Agreement resolves all claims and complaints
8 pertaining to the payment of his wages from January 1, 2007 through September 12, 2007.
9 As part of the settlement of this action, within seven (7) days of the Effective Date of this
10 Agreement, plaintiff agrees to send a letter to the EEO ADR Specialist and Investigator
11 handling EEO Claim No. 4F-940-0020-11 confirming that he withdraws any and all
12 allegations regarding payment of his wages from January 1, 2007 through September 12,
13 2007 from EEO Claim No. 4F-940-0020-11 and that EEO Claim No. 4F-940-0020-11 does
14 not relate to the payment of his wages for that time period. Plaintiff shall simultaneously
15 provide a copy of this letter to Defendant's counsel, AUSA Victoria R. Carradero.
16
17 DATED:                                          _____
                                                  CARL BRYANT
18                                                Plaintiff
19
   DATED:                                          _____
20                                                Emily Wecht
                                                  Plaintiff's Attorney
21
   DATED:                                          _____
22                                                Victoria R. Carradero
                                                  Assistant United States Attorney
23                                                Attorney for Defendant
24 DATED:                                          _____
                                                  Jennifer Angelo
25                                                Agency Representative
26
27
28 STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT       6
   No. C 10-4112

| | |
|---|---|
| 1 | |
| 2 | PURSUANT TO STIPULATION, IT IS SO ORDERED. |
| 3 | |
| 4 | Dated: _6/13/11    _____<br>HON. SAUNDRA BROWN ARMSTRONG<br>United States District Judge |

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
No. C 10-4112